## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

ROBERT L. REEVES, JR.,      )
                            )
         Plaintiff,     )
                            )
v.                       )         CV624-049
                            )
MR. WILSON, *et al.*,       )
                            )
        Defendants.    )

## ORDER AND REPORT AND RECOMMENDATION

The procedural posture of this case is somewhat complicated. The Court previously screened *pro se* plaintiff Robert L. Reeves, Jr.'s 42 U.S.C. § 1983 Complaint. *See* doc. 9. The Court recommended that several claims be dismissed and directed the service of Reeves' excessive force claim against several defendants. *See id.* at 10-12. While the Report and Recommendation was pending, Reeves filed an amended pleading, doc. 13, which the Court construed as a Motion for Leave to Amend his Complaint a second time, *see* doc. 14. The Court deferred ruling on that Motion, pending Defendants' appearance and response. *Id.* at 2. Reeves also submitted an untimely objection to the Report and Recommendation. Doc. 17. Defendants responded in opposition to the

Motion to Amend.  Doc. 33.  Reeves has not replied to that opposition, but has filed multiple documents and motions.  *See* docs. 32, 35, 36, 37, 38, 39, 40, 41, 42, 46 & 47.  All of the pending motions are addressed below.

## I.    Motion to Amend (Doc. 13)

The Federal Rules adopt a liberal policy towards amended pleadings.  *See, e.g.,* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires.").  As the Supreme Court has explained, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Defendants who have appeared acknowledge that the excessive force and failure-to-intervene claims asserted in the Second Amended Complaint remain sufficient to require further response.  *See* doc. 33 at 2-3.  Their opposition to the Motion concerns the sufficiency of several of the proposed amended claims.  *See id.* at 3-5.  However, the Court concludes that those defects, given the Defendants' concession that several of the

asserted claims should proceed, are best addressed through a substantive analysis of the claims, pursuant to 28 U.S.C. § 1915A, and motions, pursuant to Rule 12. *See, e.g., Pinnacle Advertising & Marketing Grp., Inc. v. Pinnacle Advertising & Marketing Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021) ("[D]istrict courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute."). The Court, therefore, **GRANTS** Reeves' leave to file the Second Amended Complaint. Doc. 13. The Clerk is **DIRECTED** to docket the Second Amended Complaint. *Id.* Because the Second Amended Complaint supersedes the Amended Complaint, the Report and Recommendation analyzing the Amended Complaint is **VACATED** as moot. Doc. 9; *see, e.g., Auto-Owners Ins. Co. v. Tabby Place Homeowner's Ass'n, Inc.*, 637 F. Supp. 3d 1342, 1348 n. 4 (S.D. Ga. 2022).

## II. Screening

Given that the Second Amended Complaint is now the operative pleading, *see, e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."), the Court will, again, screen the claims it asserts. Under the Prison Litigation Reform Act

(PLRA), a federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(b). In conducting the review, the Court must identify all "cognizable claims" and dismiss the complaint, or any portion thereof, that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The complaints of unrepresented parties are held to a less stringent standard than those drafted by an attorney and are afforded a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)); however, they must still comply with procedural requirements, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014). The complaint must contain "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In its review, the Court also applies the Federal Rule of Civil Procedure 12(b)(6) standard, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), accepting all allegations as true and construing them in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011).

### A. Omitted Defendants and Claims

The Defendants and claims omitted from the Second Amended Complaint should be dismissed. The Court previously recommended that Reeves' claims against Defendants Commissioner Oliver and Warden Beasley, his failure-to-protect claim, and his requests for permanent injunctive relief should all be dismissed, *see, e.g.,* doc. 9 at 10-11, and his request for a preliminary injunction should be denied, *id.* at 11. The Second Amended Complaint has omitted all of those claims. *See generally* doc. 13. Since the operative pleading does not assert any of those claims, and includes no factual allegations implicating Defendants Oliver or Beasley, those Defendants and claims should be **DISMISSED**.

## B. Excessive Force and Failure to Intervene

Reeves lists the claims he intends to assert against each defendant in the Second Amended Complaint. *See* doc. 13 at 16-18. First, he alleges that Defendant Wilson subjected him to excessive force. *See id.* at 16. Second, he alleges that Defendants Snowden, Dean, and "Yaness" failed to intervene to stop Wilson. *Id.* at 16-17. The Court notes that Defendants Wilson, Snowden, Dean, and Yanes concede that the excessive force and failure-to-intervene claims are sufficiently pleaded. *See* doc. 33 at 2-3. As explained in the prior screening Orders, *see* doc. 7 at 6-7; doc. 9 at 10, the Court agrees that those claims are sufficient to proceed.

## C. Deliberate Indifference

The focus of the amended allegations in Reeves' Second Amended Complaint is his contention that defendants Dr. Smith and Nurse Johnson were deliberately indifferent to his serious medical needs. *See* doc. 13 at 21-22; *see also* doc. 17 (objecting to recommendation of

dismissal of deliberate indifference claims).  For the reasons explained below, that claim, against both defendants, remains insufficient.

"Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991).  To establish an Eighth Amendment claim based on inadequate medical care, a plaintiff must allege facts sufficient to show that the defendants engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The objective component to deliberate indifference in this context, *see Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024), requires that plaintiff allege an objectively "serious medical need[—]one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotations and citations omitted).  Second, a plaintiff must show that the defendants acted with deliberate indifference to his serious medical need by demonstrating that the defendants were subjectively aware that their own inaction caused a

substantial risk of serious harm and that the defendants unreasonably disregarded that risk. *Wade*, 106 F.4th at 1262. If the defendants acted reasonably, they cannot be held liable under the Eighth Amendment. *Id.* Moreover, even if the defendants acted unreasonably and committed medical malpractice, that is insufficient to support a § 1983 claim. *See, e.g., Harris*, 941 F.2d at 1505 ("Mere incidents of [medical] negligence or malpractice to do rise to the level of constitutional violations.").

The Second Amended Complaint alleges that, after the use of force incident, Reeves requested medical attention. *See* doc. 13 at 21. Reeves alleges that he "submitted several sick calls that were not acknowledged at all." *Id.* After some delay, he had his injured shoulder x-rayed. *Id.* He contends that "this lack of medical attention has resulted in the developed arthritis which is categorized as severe and partial loss of the use of his left arm." *Id.* He indicates that Defendant Johnson acknowledged the "sick calls . . . but never specified why they weren't processed." *Id.* He then alleges that unspecified "injuries" resulted from the alleged use of force. *Id.* at 22. He contends that Defendant Smith "refuses to render proper treatment and therapy provisions in attempts to repair the injuries," and has refused his requests of referral to

specialists. *Id.* Smith has, however, advised Reeves to "do 'self therapy.'"
*Id.* He also acknowledges that he has been prescribed pain medication
and "a 'handcuff in the front' profile." *Id.* at 22.

Assuming without deciding that Reeves has sufficiently alleged an
objectively serious medical need, nothing in his Second Amended
Complaint alleges that either Defendant Smith or Johnson was
deliberately indifferent. As the Court previously explained, *see* doc. 9 at
6, in this Circuit:

> [a] prisoner bringing a deliberate-indifference claim has a
> steep hill to climb. We have held, for instance, that the
> Constitution doesn't require that the medical care provided to
> prisoners be perfect, the best obtainable, or even very good.
> [Cit.] Rather, medical treatment violates the Eighth
> Amendment only when it is so grossly incompetent,
> inadequate, or excessive as to shock the conscience or to be
> intolerable to fundamental fairness. [Cit.] We have also
> emphasized—as have our sister circuits—that a simple
> difference in medical opinion between the prison's medical
> staff and the inmate as to the latter's diagnosis or course of
> treatment fails to support a claim of cruel and unusual
> punishment. [Cit.]

*Keohane v. Florida Dept. of Corrs. Sec'y*, 952 F.3d 1257, 1266 (11th Cir.
2020) (internal quotation marks, alterations, and citations omitted).
Given the high standard for deliberate indifference, "when a prison
inmate has received medical care, courts hesitate to find an Eighth

Amendment violation." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (citation omitted).  The Second Amended Complaint is clear that Reeves received treatment, albeit treatment he considers insufficient. His opinion concerning the sufficiency of Defendants' Smith and Johnson's medical decisions—even when those decisions may have been that immediate treatment was not warranted—is not sufficient to allege that either was deliberately indifferent to his medical needs.  His deliberate indifference claims, and Defendants Smith and Johnson, should, therefore, be **DISMISSED**.

## III.  Motions

Reeves has filed several motions related to discovery.  First, he filed a Motion seeking issuance of a subpoena.  Doc. 40.  He has also filed several motions to compel discovery.  Docs. 41, 42 & 47.  Finally, he has moved for additional time to conduct discovery.  Doc. 46.  Since, prior to this Order, it was not clear even what pleading was operative, requests for discovery were premature.  *Cf.* Fed. R. Civ. P. 26(b)(1) (explaining that the scope of discovery is limited by the pending claims).  Since Reeves will have a full opportunity to conduct discovery, subject to any dispositive motion filed by Defendants, his premature discovery motions

are **DISMISSED**, without prejudice.  Docs. 40, 41, 42 & 47.  If, at the appropriate stage in these proceedings, Reeves contends that discovery is not provided or is insufficient, he remains free to move for any relief he contends is appropriate.   Since, given the request to amend the Complaint, no Scheduling Notice has entered, there is currently no discovery deadline to extend.  *See generally* docket.  Reeves' request to extend that nonexistent deadline is, therefore, **DISMISSED** as moot. Doc. 46.

## IV.   Conclusion

In summary, Reeves' request for leave to file his Second Amended Complaint is **GRANTED**.  Doc. 13.  The Clerk is **DIRECTED** to docket the Second Amended Complaint.  *Id.*  Since the Second Amended Complaint supersedes the Amended Complaint, the Court's recommendation that claims asserted in the Amended Complaint be dismissed is **VACATED** as moot.  Doc. 9.  Pursuant to 28 U.S.C. § 1915A, any previously asserted claims against Defendants Beasley and Oliver, and the deliberate indifference claims against Defendants Smith and Johnson asserted in the Second Amended Complaint should be **DISMISSED**.   To avoid any confusion, the remaining Defendants'

deadline to respond to the Second Amended Complaint is **STAYED**, pending the District Judge's consideration of the recommendation. *See* Fed. R. Civ. P. 15(a)(3). Reeves' premature discovery motions are **DISMISSED**, without prejudice. Docs. 40, 41, 42 & 47. His request to extend discovery is **DISMISSED** as moot. Doc. 46. To avoid further confusion concerning discovery, the Court will *sua sponte* **STAY** all discovery in this case, pending the District Judge's ruling on this Report and Recommendation and any remaining Defendants' response to the Second Amended Complaint. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 1st day of August, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA